# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ANNETTE M.,[1]

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

Case No. 5:18-cv-00248-AFM

**MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER**

Plaintiff seeks review of the Commissioner's final decision denying her applications for disability insurance benefits and for supplemental security income benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income, alleging that she became disabled on December 20, 2012. Plaintiff's claims

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

were denied initially and on reconsideration. (Administrative Record ("AR") 73-95, 182-190.)[2] An Administrative Law Judge ("ALJ") held hearings on January 20, 2016 and June 1, 2016, at which Plaintiff, her attorney, and a Vocational Expert ("VE") were present. (AR 55-72.)

The ALJ issued a decision on September 21, 2016, finding that Plaintiff suffered from the following severe impairments: fibromyalgia; obesity, lumbar degenerative disc disease, and systemic lupus erythematosus. (AR 25.) The ALJ determined that Plaintiff retained the RFC to perform a range of light work as follows: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for four hours of an eight-hour workday with normal breaks; sit for six hours out of an eight-hour workday; occasionally push and/or pull with the lower extremities; occasionally bend, stoop, kneel, crouch, or crawl; no limitations on fine and gross manipulation; can walk on uneven terrain; can climb ladders and work at heights; can use a cane for long-distance ambulation. (AR 28.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was able to perform her past relevant work as a work as a personnel clerk. (AR 31.) Accordingly, the ALJ determined that Plaintiff was not disabled through the date of his decision. (AR 32.) The Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. (AR 1-7.)

**DISPUTED ISSUES**

1. Whether the ALJ properly considered the medical evidence in assessing Plaintiff's RFC.
2. Whether the ALJ properly evaluated Plaintiff's subjective complaints.

---

[2] Plaintiff points out that although the ALJ refers to an application for disability insurance benefits, that application is not part of the Administrative Record. (ECF No. 24 at 1.) Nevertheless, the record contains references to that application, including the notices of denial on initial review and on reconsideration. (*See* AR 23, 73-95.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ.").

**DISCUSSION**

**The ALJ did not provide legally sufficient reasons for discounting Plaintiff's subjective complaints**

Plaintiff argues that the ALJ failed to properly consider her subjective complaints regarding pain and other symptoms. (ECF No. 24 at 6-8.)

   **a. Relevant Law**

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16–3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of his symptoms. *Trevizo*

*v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834) (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider when making such a determination include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, unexplained failure to pursue or follow treatment, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

**b. Analysis**

The ALJ noted Plaintiff's subjective complaints: her allegations of back pain, joint pain, and fibromyalgia pain, and her intolerance to cold and heat. He further noted Plaintiff's statements that she could not sit, stand, or walk for more than a few minutes at a time and the testimony that her lupus flare-ups last for months at a time. (AR 29.) In discounting Plaintiff's allegations, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 29.)

The Ninth Circuit has observed that a version of this boilerplate statement is routinely included in an ALJ's decision "as an introduction to the ALJ's credibility determination" after which the ALJ "typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103. Here, after stating

4

that Plaintiff's subjective complaints were inconsistent with the evidence, the ALJ simply summarized the medical evidence without further mention of any particular aspect of Plaintiff's testimony. (*See* AR 29-31.) The ALJ failed to identify the testimony that was being discounted and failed to "link that testimony to the particular parts of the record" supporting his determination. *See Brown-Hunter*, 806 F.3d at 494. While the ALJ's summary of the medical records was accurate, his written decision does not provide "the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited." *Brown-Hunter*, 806 F.3d at 493; *see Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (ALJ's statement that claimant's testimony regarding the intensity, persistence, and limiting effects of his symptoms was not credible to the extent his testimony is "inconsistent with the above residual functional capacity assessment" is an insufficient basis for discrediting testimony).

Furthermore, even assuming the ALJ properly relied upon the lack of objective medical evidence in evaluating the credibility of subjective complaints, this cannot provide the only basis for rejecting a claimant's subjective complaints. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the Commissioner proffers several other reasons, the Court's review of the ALJ's decision reveals no legally sufficient reason for the adverse credibility determination.

First, the Commissioner points to the ALJ's discussion of the absence of mental health treatment and a finding that Plaintiff's depression and anxiety were managed with routine medication therapy. (ECF No. 25 at 9 [citing AR 27].) While this might be a ground for rejection of claims concerning depression and anxiety, the ALJ did not purport to rely on it to reject Plaintiff's complaints of pain and other symptoms from her physical impairments, nor could he reasonably do so. The Commissioner also mentions an alleged inconsistency between the testimony that

Plaintiff sometimes forgot where she was going while driving and the mental examinations revealing Plaintiff could remember objects and perform serial threes. (ECF No. 25 at 10.) Again, while this inconsistency might undermine Plaintiff's mental impairment, it is not relevant to complaints of pain stemming from her severe physical impairments.

Next, the Commissioner contends that the ALJ rejected Plaintiff's subjective complaints because her fibromyalgia, lupus, back and shoulder problems were "treated conservatively with medication and injections." (ECF No. 25 at 9.) Evidence of conservative treatment[3] may form the basis for discounting a claimant's credibility regarding the severity of the ailment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007). However, the ALJ's decision here does not reflect that this was a reason for his adverse credibility determination. The closest the decision comes to offering such a reason is a summary of certain evidence: Plaintiff reported that trigger injections helped with her pain symptoms for several months at a time and continued to request them; Plaintiff was prescribed Norco and Celebrex to help with chronic pain; and in September 2015 Plaintiff reported that she had not had a lupus flare-up "in a while." (AR 29.) In the absence of a clearer indication that the ALJ intended to rely on this evidence to show conservative treatment that justified rejection of Plaintiff's subjective complaints, the Court may not consider it, and it is not a legally sufficient reason. *See Treichler*, 775 F.3d at 1103 ("we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions").

---

[3] The Court notes that there is some question whether treatment consisting of multiple steroid injections every two to four months and prescription pain medication such as Norco constitutes conservative treatment. *Compare Jones v. Comm'r of Soc. Sec.*, 2014 WL 228590, at *7 (E.D. Cal. Jan. 21, 2014) (occasional use of epidural injections in conjunction with massages and anti-inflammatory medications could be considered conservative) *with Christie v. Astrue*, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011) (treatment with narcotics, steroid injections, trigger point injections, and epidural injections is not conservative). The Court need not resolve that question here.

6

Finally, the Commissioner points to inconsistencies between Plaintiff's testimony and her function report. (ECF No. 25 at 10.) But the ALJ did not mention these inconsistencies, and he did not purport to base his adverse credibility determination on them. *See Treichler*, 775 F.3d at 1103. Thus, they cannot provide a basis for affirmance of that determination.[4]

In sum, the ALJ failed to provide specific clear and convincing reasons to support his discrediting of Plaintiff's subjective complaints concerning pain and other symptoms. The Court cannot conclude that this error was harmless. *See, e.g., Brown-Hunter*, 806 F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting claimant's testimony "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's subjective statements, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting [Plaintiff's] testimony, could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006).[5]

## REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record

---

[4] The Commissioner also points out that Plaintiff was prescribed a seated walker "but the ALJ could find no objective evidence of gait abnormality or muscle weakness." (ECF No. 25 at 9.) As mentioned above, the absence of objective medical evidence may not be the sole reason for the ALJ's credibility determination.

[5] Because the Court finds reversible error in the ALJ's adverse credibility determination and is remanding the case for further administrative proceedings, the other issue raised by Plaintiff need not be addressed.

as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings.[6]

\*\*\*\*\*\*\*\*\*\*\*

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 3/14/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[6] It is not the Court's intent to limit the scope of the remand.